AO (Rev. 5/85) Criminal Complaint

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **CRIMINAL COMPLAINT** |
| vs. | |
| LAZARO RODRIGUEZ and ABEL OSORIA CUOK | CASE NUMBER: 8:13 MJ 1095 TGW |

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about From at least on or about June 19, 2012, through present, in Hillsborough County, Middle District of Florida County, in the Middle District of Florida, defendant(s) did,

Conspire to commit Access Device Fraud,

in violation of Title 18, United States Code, Section 1029(b)(2). I further state that I am a Special Agent with United States Secret Service, and that this Complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof: ☐ Yes  ☐ No

Signature of Complainant
Bryan Halliwell, Special Agent
United States Secret Service

Sworn to before me and subscribed in my presence,

February 11, 2013                at    Tampa, Florida

THOMAS G. WILSON
United States Magistrate Judge
Name & Title of Judicial Officer                Signature of Judicial Officer

T:\_Criminal Cases\R\Rodriguez et al, Lazaro_2013R00321_airf_complaint_package.wpd

8:13 MJ 1095 TGW

## AFFIDAVIT

1. I, Bryan Halliwell, Special Agent, United States Secret Service, being duly sworn to tell the truth, states the following information:

2. I am employed as a Special Agent with the United States Secret Service and have been so employed since April 2000. I am currently assigned to the Tampa Field Office. During the course of my career with the United States Secret Service, I have led, conducted, and participated in criminal investigations involving bank fraud, wire fraud, identity theft, and access device fraud.

3. The facts set forth in this affidavit are based on my personal knowledge, information and documents provided to me in my official capacity, information obtained from other individuals, including law enforcement officers involved in this investigation, my review of documents and records related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. The statements contained in this affidavit are true and correct to the best of my knowledge and belief.

4. Based on the information contained in this affidavit, I believe there is probable cause to charge **Abel Osoria Cuok** and **Lazaro Rodriguez** with conspiracy to commit access device fraud, in violation of Title 18 U.S.C. § 1029(b)(2).

5. This affidavit is intended to demonstrate only that there exists probable cause to support a complaint to charge **Abel Osoria Cuok** and **Lazaro Rodriguez** with conspiracy to commit access device fraud and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in the affidavit are related in substance and in part only.

## PROBABLE CAUSE

6. In an effort to aid in the review of this affidavit and provide overall understanding of the scheme, I will summarize the nature of the fraudulent activities indentified during this investigation. Attribution of these facts will follow. In sum, I have probable cause to believe that from at least on or about June 19, 2012, through the present, **Abel Osoria Cuok** and **Lazaro Rodriguez** engaged in a conspiracy together and with others commit access device fraud by using and manufacturing counterfeit credit cards and re-encoded gift cards to make purchases of various items at businesses throughout the State of Florida.

7. On or about June 19, 2012, **Abel Osoria Cuok**, accompanied by **Lazaro Rodriguez,** entered the Wal-Mart located at 4302 W Gandy Blvd, Tampa, FL, and used a counterfeit credit card bearing the number XXXX-XXXX-XXXX-6694 to make purchases in the amount of $1869.84. At the time of the purchases made by **Osoria Cuok** and **Rodriguez**, Credit card number XXXX-XXXX-XXXX-6694 was issued to victim B.M. of Tampa, FL. B.M. was interviewed and advised that she did not give **Osoria Cuok** or

Rodriguez permission to use her credit card account information to make the purchases in question at Wal-Mart. **Osoria Cuok** and **Rodriguez** were taken into custody by Officers of the Tampa Police Department as they exited the Wal-Mart and were loading the purchases into the trunk of a vehicle bearing State of Florida license plate # BBAT38. A Florida Driver and Information Database inquiry on State of Florida license plate # BBAT38 revealed the license plate was issued to **Osoria Cuok**.

8. A search of **Abel Osoria Cuok** subsequent to his arrest revealed 18 additional counterfeit credit cards in his wallet. An additional 36 counterfeit credit cards were found in a search of **Osoria Cuok's** vehicle subsequent to his arrest.

9. On or about September 5, 2012, **Abel Osoria Cuok** was interviewed by the Tampa Police Department. **Osoria Cuok** was advised of his <u>Miranda</u> rights prior to the interview. **Osoria Cuok** stated he understood his rights and agreed to speak with investigators. **Osoria Cuok** advised that the counterfeit credit cards that were the basis of his arrest on or about June 19, 2012, were provided to him by **Lazaro Rodriguez**. **Osoria Cuok** advised that **Rodriguez** worked for another conspirator, Michel Lermos Hernandez, and that Lermos Hernandez was a major distributor of counterfeit credit cards. **Osoria Cuok** stated Lermos Hernandez lived on Blossom Avenue on the left side of the street when turning north on Blossom Avenue from North Avenue. The address was later found to be

3

6410 N Blossom Avenue, Tampa, FL. **Osoria Cuok** identified Lermos Hernandez from a photo line up presented to him by investigators.

10. On or about January 31, 2013, three unknown Hispanic males entered the Mercedes Benz dealership located at 4400 N Dale Mabry Hwy, Tampa, FL and used a counterfeit credit card, number XXXX-XXXX-XXXX-6931, to make a purchase in the amount of $286.76. At the time the purchase was made by the unknown Hispanic males, Credit card number XXXX-XXXX-XXXX-6931 was issued to the Vending Men Company, 44 Halfway House Road, Washington, NJ. N.W., manager of Vending Men Company, was interviewed and advised that neither she nor anyone from her company had made any recent purchases in Tampa, FL. N.W. further advised that nobody would have her permission to be in possession of a credit card with her company's information on it to be used in Tampa, FL. The three Hispanic males were driving a white Mercedes Benz bearing FL license plate # BSGE12. A Florida Driver and Information Database inquiry on State of Florida license plate # BSGE12 revealed the license plate was issued to Norma Hernandez of 6410 N Blossom Avenue, Tampa, FL.

11. On or about February 7, 2013, investigators were contacted by Mercedes Benz, 4400 N Dale Mabry Hwy, Tampa, FL, and advised that the white Mercedes Benz bearing FL license plate # BSGE12 had been dropped off for warranty repairs. The repair order had the name **Lazaro Rodriguez** on it. Investigators responded to the Mercedes Benz dealership to

conduct surveillance. Three Hispanic males arrived at the dealership to pick up the white Mercedes Benz bearing FL license plate # BSGE12. The subjects were taken into custody and identified as **Lazaro Rodriquez**, Michel Lermos Hernandez and Joan Montes De Oca Ramirez.

12. Michel Lermos Hernandez was found to be in possession of a counterfeit Discover credit card embossed with the number XXXX-XXXX-XXXX-4085 that Discover card investigators determined to be a nonexistent Discover card account number. Review of the Discover card in Lermos Hernandez's possession by Discover card investigators also helped them to determine the credit card was counterfeit and not issued as a legitimate credit card by Discover. Lermos Hernandez was also in possession of two re-encoded American Express gift cards. The first gift card's face was embossed with the American Express account number XXXX-XXXXX6-27006 and the mag stripe on the back of the gift card was encoded with American Express account number XXXX-XXXXX8-27006 issued to victim N.P. of Clearwater, FL. The second gift card's face was embossed with the American Express account number XXXX-XXXXX6-11003 and the mag stripe on the back of the gift card was encoded with the American Express account number XXXX-XXXXX5-11003 issued to victim R.Y. of Charlottesville, VA. Both N.P. and R.Y. were contacted and neither gave Lermos Hernandez permission to be in possession of their American Express account information.

13. Continuing on or about February 7, 2013, SA Jeremy Fillie, Florida Department of Law Enforcement, and your affiant interviewed **Lazaro Rodriguez**. **Rodriguez**, who was advised of his Miranda rights in Spanish by Officer Edwin Lopez of the Tampa Police Department. **Rodriguez** stated he understood his rights and agreed to speak with us. **Rodriguez** stated that Michel Lermos Hernandez uses, manufactures, and sells counterfeit credit cards and re-encoded gift cards. **Rodriguez** stated that he has also used counterfeit credit cards and re-encoded gift cards provided by Lermos Hernandez and verified that on or about January 12, 2013, he and Lermos Hernandez used a counterfeit credit card at the Apple Store located in Orlando, FL to make purchases in the amount of $3988.45. Investigation revealed the counterfeit credit card used by **Rodriguez** and Lermos Hernandez contained the legitimate Discover card account number XXXX-XXXX-XXXX-1046, belonging to victim G.B. of Largo, FL. Surveillance video obtained from the Apple Store in Orlando, FL for the transactions in question shows two males fitting the descriptions of **Rodriguez** and Lermos Hernandez making the transactions. **Rodriguez** stated Lermos Hernandez stays at 6410 N Blossom Avenue, Tampa, FL and inside the residence he keeps a credit card embossing machine, a credit card mag stripe encoder, and counterfeit credit cards. **Rodriguez** further stated Lermos Hernandez installed a key logger on the credit card system at Haagen Dazs at the International Mall in Tampa, FL and this was where he was getting the

legitimate credit card account numbers he used to produce the counterfeit credit cards and re-encoded gift cards that they were using.

14. Continuing on or about February 7, 2013, SA Jeremy Fillie, Florida Department of Law Enforcement, and your affiant responded to the Haagen Dazs at the International Mall in Tampa, FL and, after gaining consent from the manager on call, Nicholas Moore, removed the key logger from their credit card system that **Lazaro Rodriguez** stated would be there.

15. Also on or about February 7, 2013, a state search warrant was executed at the address of 6410 N Blossom Avenue, Tampa, FL, the address where **Lazaro Rodriguez** stated Michel Lermos Hernandez stayed and where we would find evidence of counterfeit credit card activity. A credit card embosser, a mag stripe reader/encoder, and multiple counterfeit credit cards and re-encoded gift cards were recovered from the residence.

## CONCLUSION

16. Based on the above facts, your affiant submits probable cause exists that from at least June 19, 2012, through the present, **Abel Osoria Cuok** and **Lazaro Rodriguez** engaged in a conspiracy to commit access device fraud by using and manufacturing counterfeit credit cards and re-encoded gift cards and in doing so committed a felony offense of access device

fraud. Thus, your affiant respectfully requests that this Court issue arrest warrants pursuant to Title 18 U.S.C. § 1029(b)(2).

This completes my affidavit.

_____
Bryan Halliwell, Special Agent
United States Secret Service

Sworn to and subscribed before me
this _11_ day of February, 2013

_____
Honorable (Judges Name)
United States Magistrate Judge

8